23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 United STATES of AMERICA, Plaintiff-Appellee,
v.
Randy KEARSE, a/k/a Randy Kiz, a/k/a Reginald Turner,
Defendant-Appellant.
 No. 93-5613.
 United States Court of Appeals,
Fourth Circuit
 Argued April 11, 1994
Decided May 17, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-92-97)
 George Carruthers Covington, Kennedy, Covington, Lobdell & Hickman, Charlotte, NC., for appellant.
 David Bernard Smith, Asst. U.S. Atty., Sr. Litigation Counsel, Greensboro, NC, for appellee; . on brief Walter C. Holton, Tisdale, Holton & Menfee, PA, Winston-Salem, NC, for Appellant.
 Benjamin H. White, Jr., U.S. Atty., Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and MICHAEL, Circuit Judges, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Randy Kearse pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and 841(b)(1)(A). After a sentencing hearing the court sentenced Kearse to 360 months, followed by supervised release for ten years, plus a fine and a special assessment. The Guideline range was 360 months to life.
 
 
 2
 Kearse questions the validity of the imprisonment term. The district court did not err in enhancing Kearse's base offense level because he was an organizer or leader. Co-conspirator Jamont Smith described his acquaintanceship with Kearse extending over approximately ten years during which they grew up in the same building in Brooklyn, New York. He related that he approached Kearse seeking a job selling narcotics and, for that purpose, he was "set up" by Kearse to come to Greensboro, North Carolina. Kearse sent word to Greensboro that Smith was coming. Smith did come and became a street worker for the organization. Kearse was in Greensboro part of the time and in New York part of the time. Smith described Kearse as his boss. He related how, when Kearse was in Greensboro, he (Kearse) was one of two persons "running the show". Smith was arrested after about a month in Greensboro and went back to New York. Later he returned to Greensboro with Kearse and Michael Malloy, the second leader. He described the role of Kearse and Malloy as collecting money and making sure everyone was doing his job. The court accepted the testimony of Smith as credible. It was more than adequate to support a finding that Kearse was a leader or organizer.
 
 
 3
 Also the court did not err in enhancing for possession of a firearm. Smith described an incident that occurred in an apartment in Greensboro, during his first stay in that city, in which Edgar Brown, one of the conspirators, passed a .357 weapon to Kearse, who put it somewhere on his body. Smith's testimony was sufficient to trigger the enhancement.
 
 AFFIRMED